# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

BARRY W. HAYNES,          )
                        )
        Plaintiff,       )
                        )
    v.                 )          No. 4:08-CV-701 CAS
                        )
BIS FRUCON ENGINEERING, INC., et al.,  )
                        )
        Defendants.     )

## MEMORANDUM AND ORDER

This removed action was originally filed by plaintiff Barry W. Haynes in the Associate Circuit Court of St. Louis County, Missouri, against defendants BIS Frucon Engineering, Inc. and Fru-Con Companies Thrift Retirement Plan (collectively "defendants"). Plaintiff was formerly employed by defendant BIS Frucon Engineering, Inc. In Count I of the Petition, plaintiff alleges that vested benefits he was entitled to under the Fru-Con Companies Thrift Retirement Plan (the "Plan") were unlawfully forfeited when his employment was terminated. In Count II, plaintiff alleges that defendant BIS Frucon Engineering terminated his employment with the intent to prevent him from reaching full 100% vesting in the Plan.

Defendants removed the case to federal court on the basis of federal question jurisdiction. The case is before the Court on defendants' motion to dismiss, plaintiff's motion to remand, and plaintiff's alternative motion to file an amended petition. The motions are fully briefed. For the following reasons, the Court will grant defendants' motion to dismiss, deny plaintiff's motion to remand, and grant plaintiff's motion to amend to the extent plaintiff may file an amended complaint stating his claims under ERISA.

**Dismissal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." <u>Id.</u> at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. <u>Twombly</u>, 127 S. Ct. at 1964-65 & n.3." <u>Schaaf v. Residential Funding Corp.</u>, 517 F.3d 544, 549 (8th Cir. 2008). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. <u>Twombly</u> at 1964-65; Fed. R. Civ. P. 8(a)(2).[1]

<u>**Discussion**</u>.

Defendants move to dismiss plaintiff's claims on the basis that they are preempted by the Employee Retirement Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, <u>et seq.</u> Defendants assert without contradiction from plaintiff that the retirement Plan at issue is an "employee benefit pension plan" as that term is defined by ERISA, 29 U.S.C. § 1002(A)(i), and that § 10.4 of the Plan document explicitly states the Plan "is intended to constitute a plan described in Section 404(c) of ERISA and regulations issued thereunder." Defs.' Ex. A at 39.

Defendants assert that plaintiff is a participant in an ERISA plan, and in Count I seeks the recovery of plan benefits he alleges were unlawfully forfeited. Defendants assert that Count I is a state law cause of action to recover benefits under an ERISA plan. Section 502 of ERISA provides a cause of action for the recovery of benefits by a participant under an ERISA plan. <u>See</u> 29 U.S.C. § 1132(a)(1)(B). Consequently, defendants contend that plaintiff's state law claim is completely preempted by ERISA because it is enforceable under ERISA § 502.

---

[1]The Court may consider the Fru-Con Companies Retirement Thrift Plan in connection with defendants' motion to dismiss without converting the motion to a motion for summary judgment, because it is central to plaintiff's petition and its existence is alleged therein. <u>See</u> <u>Stahl v. United States Dep't of Agriculture</u>, 327 F.3d 697, 700-01 (8th Cir. 2003).

Plaintiff responds that he fully states a state law cause of action for breach of contract because defendants failed to give him credit for the proper amount of his service, which resulted in the forfeiture of almost $15,000 from his employee benefit plan. Defendants reply that it is black letter law that state law claims alleging breach of contract which seek to recover benefits under an ERISA plan are completely preempted, and plaintiff is plainly seeking to recover benefits under an ERISA plan.

With respect to Count II, defendants assert it is well established that ERISA preempts common law claims an employee was discharged to prevent his attainment of benefits under an ERISA covered plan, citing Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990). Plaintiff does not respond other than to assert that this is a "garden variety employment lawsuit" which "revolves around the employment relationship." Mem. Supp. Pl.'s Mot. to Remand.

A. *ERISA Preemption*

ERISA is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (quoted case omitted).

"There are two types of preemption under ERISA: 'complete preemption' under ERISA § 502, 29 U.S.C. § 1132, and 'express preemption' under ERISA § 514, 29 U.S.C. § 1144." Prudential Ins. Co. of America v. National Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005). "Complete preemption occurs whenever Congress 'so completely [preempts] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987)). "Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete

preemption." Neumann v. AT&T Communications, Inc., 376 F.3d 773, 779 (8th Cir. 2004). Because of complete preemption, any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court. Id. at 779-80.

"In contrast, ERISA's express preemption clause preempts any state law that 'relate[s] to any employee benefit plan.' 29 U.S.C. § 1144(a)." Prudential Ins., 413 F.3d at 907. "The pre-emption clause is conspicuous for its breadth." FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990). The purpose of the express preemption clause was to establish pension plan regulation as exclusively a federal concern. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987). "Although express preemption does not allow for automatic removal to federal court, it does provide an affirmative defense against claims not completely preempted under ERISA § 502." Prudential Ins., 413 F.3d at 907.

The Supreme Court has explained that a state law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw, 463 U.S. at 97. The state law need not be "specifically designed to affect employee benefit plans." Id. at 98. "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna, 542 U.S. at 209.

B. *Count I - Plaintiff's Breach of Contract Claim*

Claims that arise under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including claims to recover benefits or enforce rights under the terms of an ERISA plan, are completely preempted. Neumann, 376 F.3d at 779. "Congress intended that an action brought to recover benefits or enforce rights that were allegedly denied contrary to the terms of an ERISA benefit plan will be regarded as arising under the laws of the United States, even if the complaint filed by the plan beneficiary purports to raise only a state-law cause of action." Id. (citing Metropolitan Life, 481 U.S. at 66-67). As a result, where a claim "relate[s] to any employee benefit plan," 29 U.S.C. § 1144(a), and seeks to recover benefits due or to enforce rights under the terms

of a plan, 29 U.S.C. § 1132(a), that claim is preempted by federal law and the exclusive cause of action is under federal law. Neumann, 376 F.3d at 779-80 (citing Pilot Life, 481 U.S. at 48). Such a claim is subject to removal to federal court. Id.

In Count I, plaintiff brings a state law claim for breach of contract, alleging that monies from the retirement Plan were wrongfully forfeited. This type of claim is completely preempted under ERISA and can only be asserted under federal law. See Neumann, 376 F.3d at 779. Defendants' motion to dismiss should be granted with respect to Count I.

### C. Count II - Plaintiff's Wrongful Termination Claim

Claims that an employee was unlawfully discharged in order to prevent his attainment of benefits under an ERISA plan "relate to" an ERISA-covered plan within the meaning of ERISA's preemption provision, 29 U.S.C. § 1144(a), and are therefore expressly preempted. Ingersoll-Rand, 498 U.S. at 140. In addition, such claims conflict with ERISA § 510, which prohibits the discharge of a plan participant "for the purpose of interference with [his] attainment of any right . . . under the plan." 29 U.S.C. § 1140. Section 502(a) provides that an action in federal court is the exclusive remedy for rights guaranteed under ERISA, including those provided by § 510. Ingersoll-Rand, 498 U.S. at 144 (citing Pilot Life, 481 U.S. at 54).

In Count II, plaintiffs alleges that he was wrongfully discharged from employment to prevent him from fully vesting in the Plan. This claim is expressly preempted under ERISA and can only be asserted under federal law. See id. Defendants' motion to dismiss should therefore be granted with respect to Count II.

### Conclusion.

For the foregoing reasons, defendants' motion to dismiss should be granted based on ERISA preemption. Because this action was properly removed to federal court, plaintiff's motion to remand must be denied. Plaintiff's alternative motion to amend his petition seeks leave to "amend his petition to establish that the facts alleged by Plaintiff allege a cause of action against Defendants for breach of contract[.]" Because the Court has determined that plaintiff's state law claims are preempted by

ERISA, such an amendment would be futile.  Plaintiff's motion will be granted to the extent that plaintiff may file an amended complaint stating his claims under ERISA.

Accordingly,

**IT IS HEREBY ORDERED** that defendants BIS Frucon Engineering, Inc. and Fru-Con Companies Thrift Retirement Plan's motion to dismiss is **GRANTED**.  [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion to remand is **DENIED**.  [Doc. 7]

**IT IS FURTHER ORDERED** that plaintiff's alternative motion to amend petition is **GRANTED** to the extent that plaintiff is granted until **August 29, 2008** to file an amended complaint stating his claims under ERISA.  Failure to comply timely and fully with this order will result in the dismissal of this action with prejudice.  [Doc. 8]


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of August, 2008.