UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY W. HAYNES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:08-CV-701 CAS |
| BIS FRUCON ENGINEERING, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants BIS Frucon Engineering, Inc. and Fru-Con Companies Thrift Retirement Plan's motion to strike plaintiff's prayer for punitive damages in Count I of the First Amended Complaint. Plaintiff has not responded to the motion to strike and the time to do so has passed. For the following reasons, the Court will grant the motion to strike.

**Background**.

This removed action was originally filed by plaintiff Barry W. Haynes in the Associate Circuit Court of St. Louis County, Missouri, against defendants BIS Frucon Engineering, Inc. and Fru-Con Companies Thrift Retirement Plan (collectively "defendants"). Plaintiff was formerly employed by defendant BIS Frucon Engineering, Inc. In Count I of the Petition, plaintiff alleges that vested benefits he was entitled to under the Fru-Con Companies Thrift Retirement Plan (the "Plan") were unlawfully forfeited when his employment was terminated. In Count II, plaintiff alleges that defendant BIS Frucon Engineering terminated his employment with the intent to prevent him from reaching full 100% vesting in the Plan.

**Legal Standard**.

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th

Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation. 2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3rd ed. 2008). If there is any doubt whether the matter may raise an issue, the motion should be denied. Id. If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. Id. A prayer for relief not available under the applicable law, or which asserts a damage claim in excess of the maximum recovery permitted by law, is properly subject to a motion to strike. Id.; see, e.g., Brokke v. Stauffer Chem. Co., 703 F. Supp. 215, 222 (D. Conn. 1988) (striking claim for punitive damages under ERISA); Chambers v. Weinberger, 591 F. Supp. 1554, 1557-58 (N.D. Ga. 1984).

**Discussion**.

Count I of plaintiffs' First Amended Complaint includes a request for punitive damages. Count I is brought under 29 U.S.C. § 1132, which is part of the Employee Retirement Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. Defendant moves to strike plaintiff's prayer for punitive damages on the basis that ERISA does not allow for the recovery of extracontractual damages, including compensatory or punitive damages.

Extracontractual damages are damages "other than the payment of benefits owed under a plan." Howe v. Varity Corp., 36 F.3d 746, 754-55 (8th Cir. 1994), aff'd, 516 U.S. 489 (1996). The Supreme Court has stated that ERISA's enforcement remedies are intended to be exclusive. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 141-45 (1990). As a result, it is well established that ERISA does not authorize extracontractual, compensatory, or punitive monetary damages. See, e.g., Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) (only "equitable relief" is available under 29 U.S.C. § 1332); Howe, 36 F.3d at 753 ("Only equitable relief, as opposed to damages, is available under ERISA . . . and punitive damages are not, by any stretch of the imagination, equitable relief."); Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 942 (8th Cir. 1999) (ERISA "does not provide

2

recourse for extracontractual damages related to a breach of the plan"); <u>Mathis v. American Group Life Ins. Co.</u>, 873 F. Supp. 1348, 1359-60 (E.D. Mo. 1994) (granting motion to strike claims for punitive and extracontractual damages; ERISA does not authorize damages other than the payment of benefits due under the plan); <u>Olsen v. FMH Benefits Servs., Inc.</u>, 2008 WL 2132121, *3 (E.D. Mo. May 20, 2008) (punitive damages are extracontractual damages not authorized by ERISA).

Because the punitive damages sought by plaintiff in Count I are not available under ERISA, defendant's motion to strike should be granted and plaintiff's prayer for punitive damages should be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that defendants BIS Frucon Engineering, Inc. and Fru-Con Companies Thrift Retirement Plan's motion to strike is **GRANTED**. [Doc. 21]

**IT IS FURTHER ORDERED** that plaintiff's prayer for punitive damages in Count I of the First Amended Complaint is hereby **STRICKEN**.

**CHARLES A. SHAW**<br>
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of October, 2008.